## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JENNA CLARK,

        Plaintiff,

   v.

LEE COUNTY SHERIFF OFFICE,

        Defendant.

_____/

CASE NO.: _____

**PLAINTIFF DEMANDS A TRIAL BY JURY**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNA CLARK (hereinafter referred to as "Plaintiff" and/or "Ms. Clark"), through her counsel, Derek Smith Law Group, PLLC, hereby complains of Defendant, LEE COUNTY SHERIFF'S OFFICE (hereinafter referred to as "Defendant" and/or "LCSO"), and alleges as follows:

### NATURE OF CASE

1. Plaintiff brings this action to recover damages against Defendant for age discrimination and retaliation under the Age Discrimination in Employment Act 29 U.S.C. §621 *et seq.* ("ADEA"); the Family Medical Leave Act, 29 U.S.C. § § 2601–2654 ("FMLA"); and 42 U.S.C. § 1983 ("**§**1983").

2. This action seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against based on her age and retaliated against by her employer solely for complaining of the ongoing discrimination.

### JURISDICTION AND VENUE

3. This is an action for monetary damages and all other appropriate relief as deemed by the court, pursuant to Age Discrimination in Employment Act 29 U.S.C. §621 et seq. ("ADEA"), the Family Medical Leave Act, 29 U.S.C. § § 2601–2654 ("FMLA"); and 42 U.S.C. § 1983 ("**§1983**").

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADEA, FMLA, and 42 U.S.C. § 1983 ("**§1983**").

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact Defendant is and was located in this judicial district and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

6. Plaintiff was employed by Defendant within Lee County, Florida.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to file this action.

8. On or around November 30, 2021, Plaintiff dual filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge number 510-2022-01352, and the Florida Commission on Human Relations ("FCHR").

9. An EEOC filing automatically operates as a FCHR filing.

10. On or around August 2, 2022, the EEOC issued its Notice of Right to Sue, and this action is being commenced.

11. This action is being commenced within ninety (90) days of receipt of the EEOC's Notice of Right to Sue.

12. This action is being commenced more than one hundred eighty (180) days since the inception of Plaintiff's admirative action against the Defendant.

**PARTIES**

13. At all times material, Plaintiff is an individual woman over the age of 40 (YOB: 1962) who resides in the State of Florida.

14. At all times material, Defendant LCSO was and still is a government agency authorized to do business in the State of Florida, with their headquarters located at 14750 Six Mile Cypress Parkway, Fort Myers, FL 33912 in Lee County.

15. As of 2018, Defendant's Employee/Manager/Supervisor AnnMarie Reno (hereinafter referred to as "RENO") is an individual woman and was Plaintiff's direct supervisor.

16. RENO held supervisory authority over Plaintiff, controlling various aspects of her employment, including but not limited to the power to hire and fire Plaintiff and the ability to direct her work.

17. At all times material, Defendant's Employee/Manager/Supervisor Dawn Heikkila (hereinafter referred to as "HEIKKILA") is an individual woman and was Defendant's Human Resources Director.

18. HEIKKILA held supervisory authority over Plaintiff, controlling various aspects of her employment, including but not limited to the power to hire and fire Plaintiff and the ability to direct her work.

19. At all times material, Defendant's Employee/Manager/Supervisor Carmine Marceno (hereinafter referred to as "Mr. Marceno") is an individual male and was Defendant's Sheriff.

20. MARCENO held supervisory authority over Plaintiff, controlling various aspects of her employment, including but not limited to the power to hire and fire Plaintiff and the ability to direct her work.

## FACTUAL ALLEGATIONS

21. In or around 1992, Plaintiff began working for Defendant LCSO as a Financial Assistant.

22. Plaintiff had worked for Defendant for 29 years and worked her way up to Director of Purchasing.

23. At all times material, Plaintiff would have been eligible for retirement benefits after 30 years of employment within the agency or at the age of 62, whichever came first.

24. On or around August 17, 2021, Plaintiff took approved sick leave for a scheduled surgery that required a recovery period of seven days.

25. Plaintiff's leave was approved by her supervisor, ANNMARIE RENO ("RENO") and was also communicated via email to the Human Resources Director, DAWN HEIKKILA ("HEIKKILA").

26. When Plaintiff inquired about using FMLA, HEIKKILA advised Plaintiff to hold off on submitting the FMLA paperwork as she was too busy to process it.

27. On or around August 21, 2021, while on sick leave, RENO texted Plaintiff "Can you call me. I have to talk to you." Plaintiff immediately called RENO who advised her that her position as Purchasing Director was being eliminated due to reorganizing. RENO also advised her that she needed to contact HEIKKILA on August 23rd for further instruction.

28. Plaintiff then noticed on the system database ("Email Workflow") that her previously approved sick leave had been changed to "admin leave with pay."

29. Plaintiff was utterly shocked and angry by the news that her position was being terminated as she had devoted her entire career to the agency and was only nine months away from retirement.

30. On or around August 23, 2021, Plaintiff met with HEIKKILA over the phone to discuss the status of her position and see what other options would be available to her.

31. HEIKKILA told Plaintiff that there were no other positions within the agency that were available to her and that her only options would be to initiate her retirement early or be terminated.

32. However, Plaintiff knew that there were other available positions because she saw them posted on the website. Plaintiff expressed to HEIKKILA that she was interested in applying so that she could continue her employment at least until her retirement date matured.

33. When Plaintiff expressed her interest in applying, HEIKKILA told Plaintiff that the jobs posted were academy positions, which required "strict testing' to even be considered. She further reiterated that those positions required memory and attention to detail, insinuating that Plaintiff was too old to perform the tasks of those positions.

34. HEIKKILA also advised that even if Plaintiff were to get one of the available positions, Plaintiff would likely not be able to receive her accrued sick leave or vacation time earned at the rate of her current position as Purchasing Director. Instead, she said it would be at the lower rate of those positions.

35. On or around August 24, 2021, Plaintiff received the formal termination letter from LCSO notifying her that her position would be eliminated effective September 4, 2021.

5

The letter, dated August 15, 2021, indicated that her position was being eliminated as a result of LCSO conducting a "Reduction in Force."

36. The letter further stated that Plaintiff will be placed on Administrative Leave with Pay and given the opportunity to retire. The deadline for Plaintiff's decision was September 3, 2021 at 4pm.

37. On or around September 3, 2021, Plaintiff resigned from LCSO and initiated the process of early retirement.

38. As a result of Plaintiff being forced into early retirement and not reaching the age of 62 or being employed with the agency for 30 years, she is being penalized over 11.2% of her retirement pension.

39. As a result of Defendant's actions, Plaintiff has experienced severe sleep deprivation, anxiety and stress.

40. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

41. The above are just some examples of some of the unlawful discrimination, hostile work environment and retaliation to which Defendant subjected Plaintiff.

42. Defendant's actions and conduct were intentional and intended to harm Ms. CLARK.

43. Ms. CLARK has presented factual allegations that would permit any reasonable jury to award damages.

44. At bottom, Defendant is liable for their reckless disregard for Ms. CLARK's personal dignity and her civil right to pursue equal employment opportunity.

45. Ms. CLARK has suffered damages as a result of Defendant's unlawful employment practices.

## COUNT ONE-
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

46. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs 1-45, and further alleges as follows.

47. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her federal rights under the ADEA, to include the remedies in 29 U.S.C. §621 et seq.

48. The ADEA (29 U.S.C. 626) provides that it shall be unlawful for an employer-

    "(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's age;

    (2) to limit, segregate, or classify their employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age."

49. Defendant LCSO is prohibited under the ADEA from discriminating against Plaintiff CLARK because of her age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

50. Plaintiff CLARK is a sixty (60) year-old individual female and is protected against discrimination under the ADEA.

51. Defendant LCSO's employees targeted Plaintiff with discriminatory conduct based on Plaintiff's age, asserting that Plaintiff was unable to do her work due to her age and favoring younger employees in the terms and conditions of their employment.

52. Defendant treated Plaintiff CLARK less favorably than similarly situated employees outside the protected class.

53. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

54. Plaintiff CLARK has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate lost wages, employment benefits, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter a judgment requiring that Defendant pay to Plaintiff, in an amount to be determined at the time of trial plus interest, all emotional distress and economic damages, pain and suffering, loss of reputation, punitive damages, liquidated damages, and other pecuniary and non-pecuniary losses.

d. Award Plaintiff the costs of this action, together with reasonable attorneys 'fees and disbursements of action;

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT TWO-
## RETALIATION IN VIOLATION OF THE ADEA

55. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs 1-45, and further alleges as follows.

56. Defendant LCSO discriminated against Plaintiff CLARK due to her age in making multiple employment related decisions.

57. The ADEA (29 U.S.C. 623(d)) provides that "it shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

58. At all times relevant, Plaintiff CLARK acted in good faith and with the objective and subjective belief that violations of the ADEA by Defendant's employees had occurred.

59. At all times relevant, the unlawful discrimination by Defendant's employees against Plaintiff in the terms and conditions of her employment because she opposed a practice made unlawful by the ADEA which would not have occurred but for that opposition.

60. At all material times, the employer exhibiting discriminatory conduct against Plaintiff CLARK possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

61. Defendant intentionally retaliated against Plaintiff by discharging her for complaining of actions by Defendant made unlawful under the ADEA.

62. Plaintiff's termination constitutes a materially adverse employment action under the ADEA.

63. There is a causal connection between Plaintiff's complaints of discrimination and her termination.

64. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

65. Plaintiff CLARK has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate lost wages, employment benefits, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter a judgment requiring that Defendant pay to Plaintiff, in an amount to be determined at the time of trial plus interest, all emotional distress and economic damages, pain and suffering, loss of reputation, punitive damages, liquidated damages, and other pecuniary and non-pecuniary losses.

d. Award Plaintiff the costs of this action, together with reasonable attorneys 'fees and disbursements of action;

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT THREE- 
## UNLAWFUL INTERFERENCE IN VIOLATION OF FMLA

66. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs 1-45, and further alleges as follows.

67. Defendant LCSO unlawfully interfered with Plaintiff CLARK's right to family medical leave under the FMLA.

68. By nature of Plaintiff's employment with Defendant, Plaintiff was an employee covered by the FMLA and Defendant was subject to the FMLA's regulations.

69. The FMLA (29 C.F.R. § 825.220(a)) provides: "The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

> (1) An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.
> 
> (2) An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act…"

70. Defendant LCSO is prohibited under the FMLA from unlawfully interfering with Plaintiff's exercise of her rights to family medical leave.

71. Defendant LCSO violated the FMLA and failed to provide Plaintiff the benefits to which she was entitled under the FMLA when it unlawfully interfered with Plaintiff's right to family medical leave by failing to provide Plaintiff with her requested family medical leave despite receiving all required paperwork from Plaintiff.

72. Plaintiff CLARK qualified for family medical leave by nature of her decades-long employment with Defendant and her qualifying medical condition.

73. By nature of Plaintiff's requests and exchange of FMLA forms and paperwork in August 2021, Plaintiff CLARK provided Defendant with adequate notice of her intention to take leave pursuant to the FMLA.

74. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

75. Plaintiff CLARK has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate lost wages, employment benefits, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter a judgment requiring that Defendant pay to Plaintiff, in an amount to be determined at the time of trial plus interest, all emotional distress and economic damages, pain and suffering, loss of reputation, punitive damages, liquidated damages, and other pecuniary and non-pecuniary losses.

d. Award Plaintiff the costs of this action, together with reasonable attorneys 'fees and disbursements of action;

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT FOUR- RETALIATION IN VIOLATION OF THE FMLA

76. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs 1-45, and further alleges as follows.

77. Defendant LCSO unlawfully interfered with Plaintiff CLARK's rights under the FMLA.

78. The FMLA (29 C.F.R. § 825.220(3)) provides that "All persons (whether or not employers) are prohibited from discharging or in any other way discriminating against any person (whether or not an employee) because that person has—

    (i) Filed any charge, or has instituted (or caused to be instituted) any proceeding under or related to this Act;

    (ii) Given, or is about to give, any information in connection with an inquiry or proceeding relating to a right under this Act;

    (iii) Testified, or is about to testify, in any inquiry or proceeding relating to a right under this Act…"

79. At all times relevant, Plaintiff CLARK acted in good faith and with the objective and subjective belief that violations of the FMLA by Defendant LCSO's employees had occurred.

80. At all times relevant, the unlawful interference by Defendant's employees with Plaintiff's rights and benefits under the FMLA occurred because she opposed a practice made unlawful by the FMLA which would not have occurred but for that opposition.

81. Defendant intentionally retaliated against Plaintiff by discharging her for requesting family medical leave pursuant to the FMLA.

82. Plaintiff's termination constitutes a materially adverse employment action under the FMLA.

83. There is a causal connection between Plaintiff's request for family medical leave and her termination.

84. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

85. Plaintiff CLARK has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate lost wages, employment benefits, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter a judgment requiring that Defendant pay to Plaintiff, in an amount to be determined at the time of trial plus interest, all emotional distress and economic damages, pain and suffering, loss of reputation, punitive damages, liquidated damages, and other pecuniary and non-pecuniary losses.

d. Award Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements of action;

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT FIVE-
## 42 U.S.C. § 1983
## FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE
## AGE DISCRIMINATION

86. Plaintiff reincorporates the allegations in the previous paragraphs 1-45.

87. Section 1983 provides that:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."

88. Under the Equal Protection Clause, individuals have a constitutional right to be free from unlawful discriminatory harassment in public employment.

89. A plaintiff may establish municipal liability by showing the municipality itself causes the constitutional violation at issue.

90. A plaintiff may establish entity liability by showing an unofficial custom or practice of the Defendant shown through repeated acts or decision of a municipal official with final policy-making authority.

91. Municipal liability attaches under § 1983 where a deliberate choice to follow a course of action is made from among various alternatives.

92. Pursuant to state law, both RENO and HEIKKILA are municipal officials with final policymaking authority.

93. RENO and HEIKKLA acted under the color of state law to deliberately deprive Plaintiff of her rights, privileges and immunities secured by the Fourteenth Amendment to the U.S. Constitution and laws of the United States.

94. At all times relevant, Defendant, by and through its employees, intended to unlawfully discriminate against Ms. Clark in the terms and conditions of her employment because of her age, and Defendant did unlawfully discriminate against Ms. Clark in the terms and privileges of her employment because of her age in violation of the 1983.

95. The discriminatory actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of the 1983. In subjecting Plaintiff to adverse employment action on the basis of her age, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

96. Ms. Clark was subject to unwelcome discriminatory conduct by Defendant and this conduct was directed to and perpetuated upon Plaintiff because of her age.

97. On or around September 4, 2021, Defendant wrongfully and unlawfully terminated Plaintiff because of her age.

98. As a result of her disability, Defendant subjected and permitted its employees to expose Plaintiff to discrimination and unlawful discharge.

99. Defendant was notified about and was otherwise aware of the discriminatory conduct and policies directed at Ms. Clark by Defendant's employees/management and failed to take appropriate corrective action.

100. Defendant violated the 1983 by unlawfully discharging and discriminating against Plaintiff based her age, of which the Defendant was fully aware.

101. As a direct and proximate result of Defendants' intentional discriminatory conduct in violation of the 1983, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

102. Plaintiff further requests attorney's fees and costs be awarded as permitted by law.

103. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under the 1983.

104. As a direct and proximate result of the unlawful discrimination facilitated by Defendant and deprivation of Plaintiff's equal protection rights, Plaintiff has suffered damages.

105. Defendants are liable for unlawful disability discrimination under the 1983.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the Section 1983, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate lost wages, employment benefits, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter a judgment requiring that Defendant pay to Plaintiff, in an amount to be determined at the time of trial plus interest, all emotional distress and economic damages, pain and suffering, loss of reputation, punitive damages, liquidated damages, and other pecuniary and non-pecuniary losses.

d. Award Plaintiff the costs of this action, together with reasonable attorneys 'fees and disbursements of action;

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

Dated: Miami, Florida

September 22, 2022

                                                Respectfully submitted,

                                                DEREK SMITH LAW GROUP, PLLC
                                                *Attorneys for Plaintiff*


                                              */s/__Lauren Wilson*_____
                                              Lauren Wilson, Esq.
                                              Florida Bar Number 1024850
                                              Lauren@dereksmithlaw.com
                                              701 Brickell Avenue, Suite 1310
                                              Miami, FL 33131
                                              Tel: (305) 946-1884