UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNA CLARK,

    Plaintiff,

v.

CARMINE MARCENO, in his official capacity as Sheriff of Lee County, Florida,

    Defendant.

Case No. 2:22-cv-614-SPC-NPM

**DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST REQUESTS FOR ADMISSION**

COMES NOW CARMINE MARCENO, in his official capacity as Sheriff of Lee County, Florida, ("Defendant"), by and through his undersigned counsel and pursuant to Rule 36, Federal Rules of Civil Procedure, hereby responds to Plaintiff's First Request for Admissions submitted by the Plaintiff in the above-referenced litigation. With respect to each separately numbered paragraph of Plaintiff's Request for Admissions ("Admission"), Defendant responds:

1. Admit that Plaintiff was employed by Defendant as Director of Purchasing.

    **ANSWER:** **Admitted for the temporal period of November 11, 2012 through September 3, 2021. Otherwise denied.**

2. Admit that Defendant eliminated Plaintiff's employment position in 2021.

**ANSWER:** **Admitted that Defendant eliminated the Director of Purchasing position effective September 3, 2021 as part of its reduction in force. Otherwise denied.**

3. Admit that in or around August of 2021, Defendant gave Plaintiff the choice of either entering retirement or having her employment terminated.

    **ANSWER:** **It is admitted that Defendant provided notice to Plaintiff in August, 2021 that her job would be eliminated effective September 3, 2021, and that her choices were to accept a transfer to an available alternative position within the agency, elect to retire or be terminated. Otherwise denied.**

4. Admit that if Plaintiff did not enter retirement by September 4, 2021, Defendant would have terminated Plaintiff's employment.

    **ANSWER:** **Denied.**

5. Admit that Plaintiff was at least 40 years old at the time that Defendant eliminated Plaintiff's position as Director of Purchasing.

    **ANSWER:** **Admitted.**

6. Admit that Plaintiff was 59 years old at the time that Defendant eliminated Plaintiff's position as Director of Purchasing.

    **ANSWER:** **Admitted.**

7. Admit that prior to conducting the reduction in force in or around 2021, Defendant did not establish a written policy or objective criteria for determining which positions would be selected for elimination.

   **ANSWER:** **It is admitted that prior to effectuating the reduction in force in 2021, Defendant did not have a written policy in its Operations Manual for determining which positions would be selected for elimination based upon a reduction in force. Otherwise denied.**

8. Admit that Defendant did not use any objective performance metrics, qualifications, or other measurable data to determine which positions would be selected for elimination as part of the reduction in force conducted in or around 2021.

   **ANSWER:** **Denied.**

9. Admit that Defendant did not apply a consistent set of objective criteria across all departments or divisions when determining which positions would be selected for eliminations as part of the reduction in force conducted in or around 2021.

   **ANSWER:** **Denied.**

10. Admit that all employment positions selected to be eliminated by Defendant during the reduction in force conducted by Defendant in or

around 2021 were held by individuals at least 40 years old at the time the employment positions were eliminated.

**ANSWER:     Denied.**

11. Admit that at the time the Senior Services Coordinator employment position was eliminated by Defendant, Jami Bartz was 58 years of age.

**ANSWER:     It is admitted that at the time the Sheriff approved elimination of the Senior Services Coordinator position from the organization chart in 2021, Jami Bartz had already retired and left her employment at the Sheriff's Office.  Otherwise denied.**

12. Admit that at the time the Secretary of Traffic employment position was eliminated by Defendant, Marsha Sprankel was 66 years of age.

**ANSWER:     It is admitted that at the time the Sheriff approved elimination of a Secretary of Traffic position in 2021, Marsha Sprankel had already retired and left her employment at the Sheriff's Office. Otherwise denied.**

13. Admit that at the time the Major of Professional Standards employment position was eliminated by Defendant, Tracy Estep was 48 years of age.

**ANSWER:     It is admitted that at the time the Sheriff approved elimination of the Major of Professional Standards position in 2021,**

**Tracy Estep had already retired and left her employment at the Sheriff's Office. Otherwise denied.**

14. Admit that at the time the Community Liaison employment position was eliminated by Defendant, Amy DellAquilla was 58 years of age.

    **ANSWER:   It is admitted that at the time the Sheriff approved the decisions to eliminate the Community Liaison position in 2021 and to enter into a services contract with Amy DellAquilla, Ms. DellAquilla was 58 years old.**

15. Admit that at the time the Director of Fleet Management employment position was eliminated by Defendant, James Jones was 51 years of age.

    **ANSWER:   It is admitted that at the time the Sheriff approved elimination of the Director of Fleet Management position in 2021 and change James Jones' title to Fleet Services Specialist, Jones was 51 years of age.**

16. Admit that at the time the Communications Manager employment position was eliminated by Defendant, Anthony Ramsey was 46 years of age.

    **ANSWER:   It is admitted that at the time the Sheriff approved elimination of the Communications Manager position in 2021, Anthony Ramsey had already resigned and left his employment at the Sheriff's Office. Otherwise denied.**

17. Admit that during Plaintiff's employment with Defendant, Plaintiff was eligible for leave under the Family and Medical Leave Act.

**ANSWER:   It is admitted that during certain periods of her employment with the Sheriff's Office, Jenna Clark was eligible to take a leave of absence under the Family and Medical Leave Act ("FMLA"), consistent with the terms of the applicable FMLA leave policy of the Sheriff's Office.**

18. Admit that in 2021, Plaintiff was eligible for leave under the Family and Medical Leave Act.

**ANSWER:   It is admitted that between January 1, 2021 and September 3, 2021, Jenna Clark was eligible to take FMLA leave for a qualifying reason, consistent with the terms of the FMLA leave policy of the Sheriff's Office.  Otherwise denied.**

19. Admit that in August of 2021, Plaintiff was eligible for leave under the Family and Medical Leave Act.

**ANSWER:   It is admitted that in August, 2021, Jenna Clark was eligible to take FMLA leave for a qualifying reason, consistent with the terms of the FMLA leave policy of the Sheriff's Office.  Otherwise denied.**

20. Admit that during Plaintiff's employment with Defendant, Plaintiff was entitled to leave under the Family and Medical Leave Act.

    **ANSWER:**     **Denied, as phrased.**

21. Admit that in 2021, Plaintiff was entitled to leave under the Family and Medical Leave Act.

    **ANSWER:**     **Denied, as phrased.**

22. Admit that in August of 2021, Plaintiff was entitled to leave under the Family and Medical Leave Act.

    **ANSWER:**     **Denied, as phrased.**

23. Admit that in 2021, Plaintiff notified Defendant of her need to take leave for a health condition.

    **ANSWER:**     **Admitted for the temporal period of August 18-25, 2021. Otherwise denied.**

24. Admit that in 2021, Plaintiff requested leave from Defendant for a health condition.

    **ANSWER:**     **Admitted for the temporal period of August 18-25, 2021. Otherwise denied.**

Dated this 21st day of November 2023.    Respectfully submitted,

*s/ David J. Stefany*
DAVID J. STEFANY
Florida Bar No. 438995
MAELYN M. MORRISON
 Florida Bar No. 1018654
*Counsel for Defendant*

**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
E-mail: dstefany@anblaw.com
          mmorrison@anblaw.com
Secondary: awilliams@anblaw.com
          mmcadams@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November 2023, I electronically served a copy of the foregoing via e-mail to Kyle T. MacDonald, Esquire and to Lauren Wilson, Esquire of Derek Clark Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, Florida 33131 [kyle@derekClarklaw.com; lauren@derekClarklaw.com]

*s/ David J. Stefany*
ATTORNEY