UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNA CLARK,

        Plaintiff,

v.

CARMINE MARCENO, in his official capacity as Sheriff of Lee County, Florida,

        Defendant.

Case No. 2:22-cv-614-SPC-NPM

**DEFENDANT'S RESPONSES TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES**

COMES NOW CARMINE MARCENO, as the duly elected Sheriff of Lee County, Florida ("Sheriff" or "Defendant"), by and through his undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby responds to the First Set of Interrogatories served by Jenna Clark ("Plaintiff" or "Clark") in this litigation. With respect to each separately numbered paragraph of Plaintiff's First Set of Interrogatories to Defendant ("Interrogatories," or "Interrogatory," if in the singular), Defendant responds:

**GENERAL OBJECTIONS TO INTERROGATORIES**

Defendant objects to the Interrogatories' definition of "Employment" as set forth in the Definitions/Instructions as being overbroad in temporal scope. In responding to these Interrogatories and unless otherwise indicated, Defendant defines the term "Relevant Time Period" for discovery in this litigation as the temporal period from September 4, 2019 (the date two years prior to Plaintiff's resignation) to

September 30, 2021 (the end of the month of Clark's employment separation). Responses to these Interrogatories are limited to this Relevant Time Period Defendant also objects to producing more than once any of those documents which it has identified in its Initial Disclosures under Rule 26(a), Federal Rules of Civil Procedure.[1] Finally, Defendant objects to producing the personal addresses and telephone numbers of persons currently or formerly employed by the Lee County Sheriff's Office as such information is confidential. While the business address of persons currently employed will be provided, all witnesses identified through these Interrogatory Responses may be contacted, if necessary, through Defendant's legal counsel of record in this litigation.

## INTERROGATORIES

**INTERROGATORY. 1** Identify all persons whom you contend have knowledge of the facts and circumstances, including but not limited to any claims and/or defenses, alleged in the Pleadings, including the facts which you contend are known to each person, and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person.

**ANSWER:** **Please see Defendant's Rule 26(a)(1)(A) Disclosures in this litigation.**

---

[1] As an alternative to allowing inspection of documents identified in its Rule 26(a) Disclosures and those additional documents which Defendant references herein, Defendant will produce copies of all responsive documents within a reasonable time after receipt of a written request to do so from Plaintiff's counsel.

**INTERROGATORY. 2**  Identify the name, address, telephone number and email address of any person, entity or internal department who provided information, consultation, or assistance with answering these Interrogatories. If applicable, please include an identified person's official position or relationship to the Defendant.

**ANSWER:**   I have answered these interrogatories from my own personal knowledge, as well as from information provided to me by the following individuals:

<u>Annmarie Reno</u>,
**Executive Director, Support Services, Lee County Sheriff's Office ("LCSO" or "Sheriff's Office")**
**14750 Six Mile Cypress Parkway, Fort Myers, Florida 33912**

<u>Dawn Heikkila</u>
**Director of Human Resources/Risk Management, LSCO**
**14750 Six Mile Cypress Parkway, Fort Myers, Florida 33912**

**Abbi J. Smith, Esquire**
**Chief Counsel**
**Legal Services Executive Bureau, LCSO**
**14750 Six Mile Cypress Parkway, Fort Myers, Florida 33912**

<u>Crystal Gambino</u>
**Finance Director, LCSO**
**14750 Six Mile Cypress Parkway, Fort Myers, Florida 33912**

**Doreen Salvagno**
**FRS Retirement Coordinator, LCSO**
**14750 Six Mile Cypress Parkway, Fort Myers, Florida 33912**

**INTERROGATORY. 3**   List all documents, with particularity, that you consulted, relied on, or have any relation to the substance of these interrogatories even if you did not consult with such documents to prepare these Interrogatories.  Please state the title of each document, identify its signatories, including their titles, the date the document was prepared, signed, and the name of its present custodian and present location.  Please include and list separately, any and all drafts of each document.  Finally, if a document is stored electronically and/or in binary format, please state the location of the hard drive or other media where the information is stored.

**ANSWER:**   **Objection is made to this interrogatory insofar as phrased, it is overbroad, burdensome, seeks relevant documents not proportional to the needs of the case, and seeks documents protected from disclosure by the attorney-client and work-product privileges.**

**INTERROGATORY. 4**   State every known instance Defendant or its agent(s) reprimanded, counseled, or otherwise disciplined Plaintiff, whether oral, written, or otherwise. Include the extent of the punishment for Plaintiff's alleged violation and describe the applicable internal policy. Additionally, please include the name of the individual who reprimanded Plaintiff on Defendant's behalf.

**ANSWER:**   **Objection is made to this interrogatory insofar as phrased, it is overbroad, burdensome, seeks relevant documents not relevant to issued raised in Clark's Complaint and thus is not proportional to the needs of the case, and seeks documents protected from disclosure by the attorney-client and work-product privileges.**

**INTERROGATORY. 5**   For the last seven (7) years, state in detail any and all prior allegations made against Defendant for discrimination, retaliation, or any unlawful employment practice under State, Federal or local law or ordinance. Such complaints include those your employees/agents made, internally, formal, or otherwise, and those employment grievances filed against the Defendant with any governmental administrative agency, including, but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), or any other federal, state or local agency, concerning an employee's grievance with the Company's policy.

For each claim:
    A. List the name, address and telephone number for the claimant and his/her attorney;
    B. The nature of the event;
    C. Names and address of all parties involved;
    D. The date and manner in which the event was resolved;
    E. If any Court filings, the caption of the action with the name and address of the Court and the file/index number assigned to the action.

**ANSWER:**   **Objection is made to this interrogatory insofar as phrased, it is overbroad, burdensome, seeks relevant documents not relevant to issued raised in Clark's Complaint and thus is not proportional to the needs of the case, seeks documents which are confidential, and seeks documents protected from disclosure by the attorney-client and work-product privileges.**

**INTERROGATORY. 6**   Describe any employment benefits Plaintiff received during her employment with Defendant, including but not limited to, Plaintiff's salary, in addition to health insurance benefits, sick leave benefits, or any other benefits Plaintiff was entitled to or eligible to receive as an employee of Defendant.

**ANSWER:**   Objection is made to this interrogatory insofar as phrased, it is overbroad, burdensome, seeks relevant documents not relevant to issues raised in Clark's Complaint and thus is not proportional to the needs of the case.

Notwithstanding these objections and without waiving them, during the Relevant Time Period Clark was a participant in the Florida Retirement System, received administrative leave with pay upon proper authorization, and was eligible for all benefits associated with full-time employment as a civilian member of the agency, as described in Chapter 22 of the Sheriff's Operations Manual.

Both before and during the Relevant Time Period, Clark was also eligible for and was approved to use FMLA leave benefits and was assigned an agency vehicle.

**INTERROGATORY. 7**   Please identify each and every person from whom you, or anyone acting in your behalf, has obtained any report, statement, recording, memorandum or testimony, whether signed or not, and whether prepared by someone other than said person or not, concerning the facts of this lawsuit. Include in your answer the identity of the custodian of same.

**ANSWER:**   **Objection is made to this interrogatory to the extent it seeks the disclosure of communications protected by the attorney-client and/or work product privileges.**

**Notwithstanding these stated objections, Defendant has not obtained any non-privileged reports, statements, recordings, memoranda or testimony concerning the facts of this lawsuit as presented in Clark's Complaint in this litigation.**

**INTERROGATORY. 8**   List any and all written and/or recorded statements or reports of all witnesses of potential witnesses in this lawsuit in your possession, custody or control, excluding any privileged reports or statements between any party to this action and the party's attorneys.

**ANSWER:**   **Defendant has not obtained any non-privileged recorded statements or reports from potential witnesses in this lawsuit.**

**INTERROGATORY. 9**   Identify all persons involved in and/or otherwise aware on the investigation into Plaintiff's complaints and accusations as related to her employment with Defendant and the asserted discriminatory practices, including, but not limited to, human resources personnel, supervisors, employees, independent contractors, or any other person who acted as Defendant's agent, and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person. Include in your response all documents prepared, obtained, and/or otherwise reviewed during the course of any such investigation.

**ANSWER:**   **Objection is made to this interrogatory insofar as phrased, it is overbroad, burdensome, seeks relevant documents not relevant to issued raised in Clark's Complaint and thus is not proportional to the needs of the case, seeks documents which are confidential, and seeks documents protected from disclosure by the attorney-client and work-product privileges.**

**INTERROGATORY. 10**  Identify all employees who were responsible for either preparing and/or administering Defendant's personnel, employee(s) and human resources policies, trainings, and/or procedures during the Plaintiff's employment with Defendant, including but not limited to the employee(s) designated and responsible for receiving and investigating complaints of discrimination, harassment, and/or retaliation from employees.

**ANSWER:**  **Objection is made to this interrogatory insofar as phrased, it is overbroad, burdensome, seeks documents not relevant to at stake in this action as or as raised in Clark's Complaint and thus is not proportional to the needs of the case, seeks documents which are confidential, and seeks documents protected from disclosure by the attorney-client and work-product privileges.**

**Notwithstanding these stated objections and without waving them, Chapter 26 of the Sheriff's Operations Manual in effect during the Relevant Time Period identifies those persons and Departments responsible for receiving reported discrimination or harassment. This chapter of the Operations Manual is being produced as part of Defendant's response to Clark's First Request for Production in this litigation.**

**INTERROGATORY. 11**  Describe in detail the criteria and methodology used in selecting employees to be terminated and/or have their positions eliminated as part of the reduction in force conducted by Defendant in or around 2021, including the name, age, and title of the employee(s) responsible for choosing the criteria and methodology.

**ANSWER:**  **The Sheriff asked senior management of the LSCO to review current operations to recommend ways to improve efficiencies in light of budgeted authorizations and escalating expenses and obligations. As Undersheriff of the LCSO, I presided over these determinations and the selection process for improving efficiencies through position eliminations.**

**INTERROGATORY. 12**  Identify each employee of Defendant who was terminated and/or had their position eliminated as part of the reduction in force conducted by Defendant in or around 2021, including the name, age, gender, title, and direct supervisor of each employee identified.

**ANSWER:**  Since Clark was not eligible for any certified positions at the time of her resignation, this response is limited to only civilian positions eliminated as part of the agency-wide reduction in force in 2021, where the incumbent in the position left the agency. The following civilian positions were eliminated in 2021 as a consequence of the agency reorganization efforts to improve efficiencies, with the incumbent leaving his/her employment with the agency or accepting a lower position for less pay:

**Director of Fleet Management**
   (James Jones; 51 years old, male; supervised by Jeremiah Marcotte)
**Director of Purchasing**
   (Jenna Clark; 59 years old, female; supervised by Annmarie Reno)
**Communications Manager**
   (Anthony Ramsey; 46 years old, male; supervised by Karen Ciofani)
**Community Liaison**    (Amy DellAquilla; 58 years old, female;
         supervised by Michael Truscott)
**Senior Services Coordinator**
   (Jami Bartz; 58 years old, female; supervised by Claire Schell)
**Secretary of Traffic**
   (Marsha Sprankel; 66 years old, female; supervised by Dennis Petraca)

**INTERROGATORY. 13**  For each employee of Defendant who was terminated and/or had their position eliminated as part of the reduction in force conducted by Defendant in or around 2021, list every leave request submitted by that employee, including but not limited to any paid leave requests, sick leave requests, and/or FMLA leave requests, and please state: (1) the date of the request; (2) the type of leave requested; (3) the employee responsible for evaluating and/or approving the request; (4) whether the request was approved or denied; and (5) the dates of the approved leave.

**ANSWER:**  **Objection is made to this interrogatory insofar as phrased, it is overbroad, burdensome, seeks documents not relevant to issues raised in Clark's Complaint and thus is not proportional to the needs of the case.**

**INTERROGATORY. 14** Identify the employee(s) responsible for designating and/or approving the Plaintiff's leave requests, including but not limited to, paid leave requests, sick leave requests, and/or FMLA leave requests, during the Plaintiff's employment with Defendant.

**ANSWER:** Objection is made to this interrogatory insofar as phrased, it is overbroad, burdensome, seeks relevant documents not relevant to issued raised in Clark's Complaint and thus is not proportional to the needs of the case.

During the Relevant Time Period, Clark's requests for the use of accrued leave benefits would have been submitted to Annmarie Reno, and FMLA leave requests would have been submitted to Dawn Heikkila.

**INTERROGATORY. 15** Identify all leave requests made by the Plaintiff during her employment, including but not limited to, paid leave requests, sick leave requests, and/or FMLA leave requests, and please state: (1) the date of the request; (2) the type of leave requested; (3) the employee responsible for evaluating and/or approving the request; (4) whether the request was approved or denied; and (5) the dates of the approved leave.

**ANSWER:** Objection is made to this interrogatory insofar as phrased, it is overbroad, burdensome, seeks relevant documents not relevant to issued raised in Clark's Complaint and thus is not proportional to the needs of the case.

Leaves from scheduled work taken during the Relevant Time Period are identified in Clark's Time Sheets and VCS Scheduling Software Requests, which are being produced as part of Defendant's response to Clark's First Request for Production in this litigation.

**INTERROGATORY. 16** Identify all civilian job postings with Defendant which were available for the Plaintiff to apply to at the time of her termination and please state: (1) the title of the position, (2) the rate of pay of the position; (3) the date on which Plaintiff was notified she could apply for the position; and (4) the name of the individual who notified Plaintiff that she could apply for the position.

**ANSWER:** As of August 15, 2021 when the Sheriff's Office Human Resources personnel notified Clark that her position as Director of Purchasing was being eliminated effective September 4, 2021, the following two civilian positions were available:

**Communication Call Taker (salary of $36,500 annualized)**
**Automotive Mechanic (salary range of $30,264 - $56,160)**

**INTERROGATORY. 17** Identify each person you intend to call as a fact or expert witness in this action. For each person identified, provide the following information: (a) the name, address, and telephone number for that person; (b) a description of your relationship to the identified person, if any; and (c) the substance of the proposed testimony of that witness.

**ANSWER:** No expert has been identified as being needed for this litigation.

**INTERROGATORY. 18**  State the terms of any insurance agreement under which any person or entity engaged in the insurance business may be liable to satisfy part or all of any judgment which may be entered against Defendant in this action.

**ANSWER:**  **The insurance policy coverage Agreement and Declarations are being produced as part of Defendant's response to Clark's First Request for Production in this litigation.**

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## VERIFICATION

STATE OF FLORIDA )

COUNTY OF LEE )

BEFORE ME, the undersigned authority, personally appeared JOHN HOLLOWAY, who, after being first duly sworn, deposes and says that the foregoing answers to Jenna Clark's First Set of Interrogatories to Defendant CARMINE MARCENO, are true and accurate.

_____
John Holloway, Undersheriff
Lee County Sheriff's Office

SWORN TO AND SUBSCRIBED before me this 3rd day of February 2023.



_____
NOTARY PUBLIC
State of Florida at Large

My Commission Expires:

September 8, 2024

Personally known ✓

OR Produced identification _____

Type of Identification

Produced: _____

17
ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION