## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JENNA CLARK,

      Plaintiff,

v.                                                      Case No. 2:22-cv-614-SPC-NPM

CARMINE MARCENO, in his official
capacity as Sheriff of Lee County,
Florida,

      Defendant.

_____/

### PLAINTIFF'S *UNOPPOSED* MOTION TO CONDUCT FINAL PRETRIAL MEETING VIA VIDEOCONFERENCE

Plaintiff, JENNA CLARK ("Plaintiff"), by and through her undersigned counsel, respectfully moves this Court for leave to conduct the Joint Pretrial Meeting required by the Court's Case Management and Scheduling Order [D.E. 19] via videoconferencing technology, and in support states as follows:

1.     On February 3, 2023, the Court entered a Case Management and Scheduling Order requiring the Parties to conduct the final pretrial meeting in person by June 28, 2024. [D.E. 19].

2.     Plaintiff's counsel is located in Miami, Florida, and Defendant's counsel is located in Tampa, Florida. As a result, conducting the final pretrial meeting in person will require significant time and travel expenses.

1

3.     Accordingly, undersigned counsel respectfully requests the Court permit the Parties to appear at their final pretrial meeting remotely via videoconference to avoid the costs and time associated with travel.

4.     Conducting the final pretrial meeting via videoconference would allow both parties to utilize their time more efficiently in preparing for trial.

5.     Plaintiff's request is made in good faith and no party to this action will be prejudiced by the pretrial meeting being conducted remotely via videoconference and, in fact, it will conserve resources and time for all parties.

6.     The use of videoconferencing is consistent with the principles of Federal Rule of Civil Procedure 1, which emphasizes the need for the just, speedy, and inexpensive determination of every action and proceeding. FED. R. CIV. P. 1.

## <u>MEMORANDUM OF LAW</u>

Federal Courts permit parties to engage in telephonic hearings and conferences when a party experiences hardship. *See Dunn-Fischer v. District School Bd. Of Collier County*, 2010 U.S. Dist. LEXIS 98253, 2010 WL 3522215 *1 (M.D. Fla. Sept. 7, 2010) ("The use of telephonic hearings and conferences are encouraged by the Court where they are feasible."); *Arthrex Inc. v. Parcus Medical, LLC*, 2012 U.S. Dist. LEXIS 36298, *1 (M.D. Fla. Mar. 20, 2012) (same).

Here, Plaintiff submits that the significant distance between the locations of the Parties' counsel justifies conducting the final pretrial meeting via videoconference. This method would eliminate substantial travel time and expenses, thus adhering to the principles of efficiency and justice.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant this motion and permit the final pretrial meeting to be conducted via videoconference.

### <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)</u>

Undersigned counsel has conferred with counsel for the Defendant, who has advised that the Defendant does not oppose the relief sought herein.

Respectfully submitted,

Dated: Miami, Florida
June 13, 2024,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

<u>/s/ Kyle T. MacDonald</u>
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
Derek Smith Law Group, PLLC
520 Brickell Key Dr, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
<u>Kyle@dereksmithlaw.com</u>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document is being served on June 13, 2024, on all counsel of record on the service list below via CM/ECF.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**ALLEN, NORTON & BLUE, PA**

David J. Stefany
324 S. Hyde Park Ave
Suite 225
Tampa, FL 33606
813/251-1210
Fax: 813-253-2006
Email: dstefany@anblaw.com

Maelyn Marie Morrison
324 S. Hyde Park Ave., Suite 225
Tampa, FL 33606
813-251-1210
Fax: 813-253-2006
Email: mmorrison@anblaw.com

*Counsel for Defendant*