UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNA CLARK,

                Plaintiff,

v.

                                 Case No. 2:22-cv-614-SPC-NPM

CARMINE MARCENO, in his official
capacity as Sheriff of Lee County,
Florida,

                Defendant.

**DEFENDANT'S MOTION TO TAX COSTS
AND SUPPORTING MEMORANDUM OF LAW**

COMES NOW CARMINE MARCINO, in his official capacity as Sheriff of Lee County, Florida ("Sheriff's Office" or "Defendant"), by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 54(d) and M.D. Loc. R. 3.01, hereby moves this Court to award and tax the reasonable costs that Defendant expended in successful defense of this case brought by Jenna Clark ("Clark" or "Plaintiff") and submits this memorandum in support of its Bill of Costs.

Jenna Clark brought this lawsuit following her separation from employment with the Lee County Sheriff's Office ("LCSO").  On September 3, 2021, Clark elected to retire with the Florida Retirement System following the LCSO's reduction in force which resulted in the elimination of her position as Purchasing Director.

Following her retirement, Clark timely brought an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

later brought a lawsuit against Sheriff Carmine Marceno, alleging that she was subjected to discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). Clark also asserted in her lawsuit that her job elimination constituted interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") (D.E. 13). Sheriff Marceno responded to Clark's pleading by denying any violation of the ADEA or the FMLA, as alleged in Clark's Amended Complaint (D.E. 28) and asserting multiple affirmative defenses.

On January 26, 2024, Sheriff Marceno filed a Case Dispositive Motion for Summary Judgment and Supporting Memorandum of Law ("Motion") (D.E. 28). After further briefing by the parties, this Court granted Sheriff Marceno's Motion with an Opinion and Order dated July 19, 2024. (D.E. 38). The Clerk entered Judgment in favor of Sheriff Marceno on August 26, 2014. (D.E. 40).

Sheriff Marceno hereby files this Motion to Tax Costs under Rule 54, Federal Rules of Civil Procedure and Rule 3.01(a), Local Rules for the Middle District of Florida. In support of this Motion to Tax Costs, Defendant is also filing a Bill of Costs which contains an itemized list of costs and supporting documentation and invoices from court reporters for which Defendant seeks approval to tax as costs pursuant to 28 U.S.C. § 1920. (D.E. 42).

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

SPDN-868764429-3413714

WHEREFORE, Defendant seeks an Order granting this Motion to Tax Costs against Plaintiff and an amendment to the judgment (D.E. 28) for the costs itemized in Defendant's Bill of Costs in the total amount of $ **5,738.97**.

## SUPPORTING MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. *Nafziger v. Gospel Crusade, Inc.*, No. 8:19-cv-2511-MSS-TGW, 2022 U.S. Dist. LEXIS 114467, at *13 (M.D.Fla. June 28, 2022). Here, Sheriff Marceno is the prevailing party because this Court granted his Case Dispositive Motion for Summary Judgment and entered an order in Defendant's favor and against Jenna Clark. (D.E. 38). Hence, Sheriff Marceno is entitled to recover his taxable costs in successfully defending Plaintiff's entire lawsuit.

28 U.S.C. § 1920 lists the expenses that a court may tax as costs under Fed. R. Civ. P. 54(d). As set forth in 28 U.S.C. § 1920, taxable costs include:

(1)    Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title [28 U.S.C. § 1923];

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

3

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

When challenging whether costs are taxable, the opposing party bears the burden to overcome the "strong presumption" in favor of awarding costs. *Velez v. Spring/United Mgmt. Co.*, 2021 U.S. Dist. LEXIS 63122 *3-4 (M.D.Fla. Mar. 30, 2021) (citing *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered," so the district court must articulate a sound reason for not awarding full costs.  *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).  Additionally, prevailing parties are entitled to post-judgment interest on taxable costs from the date of judgment. *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 803 (11th Cir. 2012) ("…interest …. accrues from the date of the original damages judgment.").

## I.   Defendant is Entitled to Recover Costs Related to Depositions Necessarily Obtained for Use in this Case.

Fees for printed or electronically recorded transcripts necessarily obtained for use in the case are taxable as costs. *See* 28 U.S.C. § 1920(2); *Lyon v. Borders*, No. 5:20-cv-438-SDM-PRL, 2023 U.S. Dist. LEXIS 37897, at *3 (M.D. Fla. Mar. 7, 2023) (citing *United States EEOC v. W&O Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). Use of a deposition in a summary judgment motion is proof that a deposition was necessarily obtained. *Watson v. Lake Cnty.*, 492 F. App'x 991, 996 (11th Cir. 2012); *W&O Inc.*, 213 F.3d at 621.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

Sheriff Marceno seeks the recovery of the costs associated with Clark's deposition, and the costs associated with the depositions noticed and taken by Clark, which include the following named witnesses on the following dates:

| **Deponent Name** | **Date of Deposition** | **Costs of Deposition** |
|---|---|---|
| Travis Hicks | October 4, 2023 | $ 216.90 |
| John Holloway | October 10, 2023 | $ 643.45 |
| Dawn Heikkila | October 11, 2023 | $ 541.75 |
| Tanya Taylor | October 18, 2023 | $ 319.07 |
| Annmarie Reno | October 24, 2023 | $ 796.95 |
| Jill Jones | October 25, 2023 | $ 420.25 |
| Jenna Clark | December 7, 2023 | $ 1,774.10[1] |

These deposition transcripts were referenced repeatedly in Defendant's Motion, were introduced as record exhibits in support of Defendant's Motion (D.E. 28) and Defendant's related Reply Memorandum. (D.E. 34).  They were also part of the courtesy binders that Defendant provided to the Court containing his Motion and the record of evidence cited in Defendant's Motion, as directed by the Court's Case

---

[1] The costs sought exclude $20.00 for the condensed transcript of Clark's deposition (convenience of counsel), but include $45.00 for Transcript Handling & Processing, and $55.00 for Litigation Technology, Support and Security Management.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

SPDN-868764429-3413714

Management and Scheduling Order (D.E. 19(D)(f)).   The costs for these deposition transcripts include the costs for the court reporter's appearance fees, which Sheriff Marceno has paid and which he seeks to recover as taxable costs. *Maranon v. Scottsdale Insurance Company,* Case No. 1:21-cv-21785-KMM, 2022 U.S. Dist. LEXIS 211736 (S.D. Fla. November 21, 2022) (awarding costs inclusive of court reporter's appearance fees).

Defendants thus seek and Order to tax costs in the amount of **$4,712.47** for the costs associated with the above-referenced depositions.

In addition to these costs associated with depositions, the parties held face-to-face mediation in the offices of a court reporter on December 15, 2023.   The court reporter invoiced Sheriff Marceno for the mediation rooms in the amount of $570, when half of this cost should have been invoiced to Jenna Clark.   To resolve this invoicing mistake of the court reporter and since Sherif Marceno paid the entire invoice for the mediation venue, counsel for the parties have agreed through their Rule 3.01(g) conferral discussions that Sheriff Marceno's costs should include $285.00 for Jenna Clark's share of the mediation expense as "Other Costs" to be awarded in this litigation.   This award results in the costs for the mediation venue to be split equally by the parties, as were the mediator's invoice for services rendered.

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

## II.    Defendant is Entitled to Recover Costs Related to Printing and Photocopying

Due to the extensive scope of Clark's discovery requests of Sheriff Marceno in this case, Defendant produced 4545 pages of Bates-numbered documents in this litigation. In addition to producing copies of these documents during discovery, the Court, Plaintiff and Defendant made multiple additional filings with the Clerk's Office, reproducing one paper set of all filings in order to provide scanned copies of such filings to the Sheriff Marceno  throughout the course of the litigation.  Most of the Court's 62 pages of filings, Plaintiff's 186 pages of filings, and most of Defendant's 1387 pages of filings were used to establish the evidentiary record at summary judgment, to prepare the deponents for their respective depositions, and to apprise Sheriff Marceno and representatives of the Florida Sheriff's Risk Management Fund of material developments throughout the course of the litigation.[2]  These photocopies total 1635 additional pages of printing and photocopied pages, for which Defendant seeks to recover as costs under 28 U.S.C. § 1920(4).

Photocopies of exhibits about which a deponent testifies aid in understanding the testimony and thus may be allowed as "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." See 28 U.S.C. § 1920(4) (quoted); see also *Kidd v. Mando Am. Corp.*, 870 F. Supp. 2d 1297, 1298-99

---

[2] Excluded from these counts of photocopies are photocopies made for counsel's convenience, notices regarding discovery, depositions and procedural motions for enlargements of time and to exceed page limitation for briefs established by Local Rules.

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

(M.D. Ala. 2012) (cited with approval in *Lankhorst v. Indep. Sav. Plan Co.*, No. 3:11-cv-390-J-34JRK, 2015 U.S. Dist. LEXIS 130283, 2015 WL 5724369, at *7 n. 8 (M.D. Fla. Sept. 28, 2015) (Howard, J.) (unpublished).

Accordingly, Defendant seeks to recover the costs incurred for 5932 pages of printing and photocopied pages, at the cost of $0.125 per page, for a total of $ $741.50 in printing and photocopying charges. *Perkins v. Tolen*, No. 3:10-cv-851-J-37TEM, 2012 U.S. Dist. LEXIS 109990, 2012 WL 3244512, at *15 (M.D. Fla. July 31, 2012) (awarding photocopies sought by prevailing party to $0.125/page). This number of pages of printing and photocopying were part of the photocopying and printing charges incurred by Defendant in this litigation, charged to Defendant by the undersigned's counsel of record, which have been paid at a per page rate of $0.25/page.

### III.    Total Taxable Costs

In sum, as the prevailing party to the litigation, Sheriff Marceno is entitled to recover his costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. Based on the foregoing, Defendant respectfully requests that the Honorable Court grant this Motion to Tax Costs against Jenna Clark in the total amount of **$5,738.97**, with interest accruing on the amount awarded from the date of Judgment.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

In accordance with Local Rule 3.01(g), undersigned counsel has conferred via an exchange of e-mails with Kyle MacDonald - Plaintiff's counsel of record - and is authorized to represent that Plaintiff partially objects to the relief requested by this Motion.

Dated this 4th day of September 2024.       Respectfully submitted,

*s/ David J. Stefany*
DAVID J. STEFANY
Florida Bar No. 438995
*Counsel for Defendant*

**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
E-mail:dstefany@anblaw.com
Secondary: awilliams@anblaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 4th day of September 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Kyle T. MacDonald, Esquire and to Lauren Wilson, Esquire of Derek Clark Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, Florida 33131 [kyle@derekClarklaw.com; lauren@derekClarklaw.com].

*s/ David J. Stefany*
DAVID J. STEFANY

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

SPDN-868764429-3413714