UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNA CLARK,

    Plaintiff,

v.

                                  Case No. 2:22-cv-614-SPC-NPM

CARMINE MARCENO, in his official capacity as Sheriff of Lee County, Florida,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TAX COSTS

    Plaintiff, JENNA CLARK ("Plaintiff" and/or "Ms. Clark"), by and through her undersigned counsel, hereby files this Memorandum in Opposition to the Motion to Tax Costs filed by Defendant, CARMINE MARCENO, in his official capacity as Sheriff of Lee County, Florida ("Defendant's Motion"), and in support states as follows:

### ARGUMENT

    Although Defendant is presumptively entitled to his costs under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d), Ms. Clark requests a reduction of the costs sought, as not all of the costs sought by Defendant are recoverable. Specifically, the Court should deny Defendant's request to tax costs for "Appearance Fees," "Transcript Handling and Processing Fees,"

1

"Litigation Technology, Support, and Security Management Fees," mediation costs, and costs for printing/photocopying, for the reasons set forth in further detail below.

### A. *Appearance Fees, Transcript Handling Fees, and Litigation Technology, Support and Security Management Fees.*

Defendant is not entitled to tax costs for "Appearance Fees," "Transcript Handling Fees," or "Litigation Technology, Support and Security Management Fees." Ms. Clark does not dispute that the deposition transcripts were necessarily obtained for use in this case. Rather, Ms. Clark objects to specific itemized costs reflected in the invoices for the depositions, including: $95.00 for "Appearance Fee – First Hour," $522.50 for "Appearance – Additional Hours," $45.00 for "Transcript Handling & Processing," and $55.00 for "Litigation Technology, Support and Security Management," as described in Defendant's Bill of Costs.

Firstly, 28 U.S.C. § 1920 makes no mention of court reporter appearance fees. In exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. *See Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Appearance fees are not recoverable costs per 28 U.S.C. § 1920 and should not be awarded here. *See, e.g.*, *Brown v. Riedl*, No. 3:13-CV-36-J-34PDB, 2017 U.S. Dist. LEXIS 46487, 2017 WL 9360887, at *3

(M.D. Fla. Jan. 18, 2017), *report and recommendation adopted in part*, No. 3:13-CV-36-J-34PDB, 2017 U.S. Dist. LEXIS 46152, 2017 WL 1161306 (M.D. Fla. Mar. 29, 2017)

Secondly, miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because they are generally incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions[.]"); *Rembrandt Vision Techs. L.P. v. Johnson & Johnson Vision Care, Inc.*, No. 3:11-cv-819-J-32JRK, 2019 U.S. Dist. LEXIS 248621, 2019 WL 13256128, at *1 (M.D. Fla. May 23, 2019) (declining to tax costs that "were not necessarily obtained for use in the case but were a mere convenience"); *Durden v. Citicorp Tr. Bank, FSB*, No. 3:07-CV-974-J-34JRK, 2010 U.S. Dist. LEXIS 59537, 2010 WL 2105921, at *3 (M.D. Fla. Apr. 26, 2010).

Here, Defendant offers no explanation for its "Transcript Handling & Processing" fees or its "Litigation Technology, Support and Security Management" fees, and thus, this Court has no basis upon which to conclude that such fees were reasonably necessary to the litigation rather than requested for the convenience of counsel. Accordingly, the Court should deny these costs sought by Defendant.

### B. Mediation Expenses

Defendant additionally seeks to recover $285.00 for mediation expenses. However, the costs associated with mediation are not permitted under 28 U.S.C. § 1920. *See Corwin v. Walt Disney Co.*, 468 F.3d 1329, 1346 (11th Cir. 2006), *opinion vacated and superseded on reconsideration on other grounds*, 475 F.3d 1239 (11th Cir. 2007); *Geico Gen. Ins. Co. v. Berguiristain*, No. 5:15-CV-45-OC-30PRL, 2017 U.S. Dist. LEXIS 14329, 2017 WL 444695, at *3 (M.D. Fla. Feb. 2, 2017); *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-CV-81782, 2018 U.S. Dist. LEXIS 187977, at *35 (S.D. Fla. Nov. 2, 2018).

Moreover, the fact that the mediation was court-ordered does not change this conclusion. *See Oriental v. Akal Sec., Inc.*, No. 05-22189-CIV-JORDAN/TORRES, 2007 U.S. Dist. LEXIS 110614, at *29 (S.D. Fla. July 31, 2007) (denying request for costs for court-ordered mediation). Accordingly, the Court should deny Defendant's request for mediation costs.

### C. Costs for Printing and Photocopying

The Court should also deny, or at the very least, reduce, Defendant's requested costs for printing and photocopying. Federal law allows the prevailing party to recover "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). However, "[t]o recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were

4

reasonably intended for use in the case." *Siemens Energy v. Midamerica C2l*, No. 6:17-cv-171-Orl-40LRH, 2020 U.S. Dist. LEXIS 257323, at *24 (M.D. Fla. June 19, 2020) (quoting *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000)).

Here, Defendant seeks $741.50 for printing and photocopying. However, Defendant failed to provide any evidence or documentation demonstrating which items were printed or copied for use in this litigation. As the party seeking costs, the burden is on the Defendant to "come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case." *See Siemens*, 2020 U.S. Dist. LEXIS 257323, at *26 (M.D. Fla. June 19, 2020) (quoting *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992)) In addition to the failure to describe the nature or purpose of the documents, Defendant failed to provide any documentation, such as invoices, to support the requested printing costs. Without sufficient detail indicating that these costs were necessary and incurred for legitimate use in the litigation, these costs must be denied.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendant's request for the convenience costs associated with depositions, mediation costs, and costs for printing/photocopying.

5


Dated: Miami, Florida          **DEREK SMITH LAW GROUP, PLLC**
       September 18, 2024,           *Counsel for Plaintiff*

                                             /s/ Kyle T. MacDonald
                                             Kyle T. MacDonald, Esq.
                                             Florida Bar No.: 1038749
                                             Derek Smith Law Group, PLLC
                                             701 Brickell Ave, Suite 1310
                                             Miami, FL 33131
                                             Tel: (305) 946-1884
                                             Fax: (305) 503-6741
                                             Kyle@dereksmithlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on September 18, 2024, on all counsel of record on the service list below via CM/ECF.

                                             By: */s/ Kyle T. MacDonald*
                                                   Kyle T. MacDonald, Esq.

## **SERVICE LIST**

**ALLEN, NORTON & BLUE, PA**

David J. Stefany
324 S. Hyde Park Ave
Suite 225
Tampa, FL 33606
813/251-1210
Fax: 813-253-2006
Email: dstefany@anblaw.com

*Counsel for Defendant*

6